IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| Scarlet Banegas and Odin Campos, On Behalf of Themselves and Similarly Situated Employees | § § § § | CIVIL ACTION NO: _____ |
| Plaintiffs, | § § | |
| VS. | § § § | **JURY DEMANDED** |
| Bona 1900, Inc. and Hnreck Nazarian a/k/a Nazarian Enterprises d/b/a IHOP ("International House of Pancakes") | § § § § | |
| Defendants. | § | JUDGE _____ |

## ORIGINAL COMPLAINT – COLLECTIVE ACTION

Plaintiffs Scarlet Banegas and Odin Campos, on behalf of themselves and similarly situated employees, bring this collective action lawsuit against Defendants Bona 1900, Inc. and Hnreck Nazarian a/k/a Nazarian Enterprises d/b/a IHOP ("International House of Pancakes") ("Defendants"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.* Plaintiffs assert their FLSA claims as a collective action under 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3.      Plaintiffs Banegas and Campos were at all relevant times individuals residing in Jefferson County, Texas.

4.      Defendant Bona 1900, Inc. is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located at 5875 Eastex Freeway, Beaumont, Texas 77706. Defendant Bona 1900, Inc. may be served with process by serving Hnreck Nazarian, its registered agent for service, at 10894 Shadow Wood Drive, Houston, Texas 77043-2864.

5.      Defendant Hnreck Nazarian may be served with process at 10894 Shadow Wood Drive, Houston, Texas 77043-2864.

6.      Defendant Hnreck Nazarian a/k/a Nazarian Enterprises owns or controls multiple IHOP (International House of Pancakes) Restaurants in the Houston and Beaumont, Texas, areas.

7.       Through his website http://nazarianent.wix.com/nazarian-enterprises-2#! Defendant Hnreck Nazarian represents that he does business as Nazarian Enterprises, which Nazarian describes as a "leading franchisee in the IHOP community … [w]ith locations throughout the Houston and Beaumont areas … ". Hnreck Nazarian's above website represents to the public that Nazarian Enterprises operates at least seven (7) separate IHOP Restaurant locations, as follows: (1) 5875 Eastex Freeway, Beaumont, TX 77706; (2) 197 Greens Road, Houston, TX 77060; (3) 3830 College Street, Beaumont, TX 77701; (4) 23861 Church Street, Porter, TX 77365; (5) 202 E. State Highway 332, Lake Jackson, TX 77566; (6) 6759 S. Highway 6, Houston, TX 77083; and (7) 5001 Garth Road, Baytown, TX 77521.

8.      Defendants employ or employed individuals, including Plaintiffs, who engage in interstate commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by a person.

9.      Defendants are employers covered by the record-keeping, minimum wage, and overtime pay requirements of the FLSA.

## FACTS

10.     From 2013 through February 16, 2016, Defendants employed Plaintiff Banegas. From approximately July of 2015 through February, 2016, Defendants employed Plaintiff Campos. Banegas and Campos were non-exempt employees under the FLSA.

11.     At times during their respective periods of employment, Plaintiff Banegas and Plaintiff Campos were required to work hours in excess of 40 hours per week, for which they were not paid lawful overtime wages.

12.     To avoid the payment of overtime, Defendants paid Plaintiff Banegas for hours in excess of 40 hours per week by issuing her checks made payable under pseudonyms and under social security numbers not issued to her. Such payments did not include wages at the overtime rate.

13.     Plaintiff Campos refused to accept payment under pseudonyms and as such was never paid by Defendants at all for hours worked in excess of 40 hours per week.

14.     Defendants' conduct in attempting to avoid the payment of overtime wages was conscious, willful, and intentional, and was not the result of mistake or of any reasonable interpretation of law.

15.     Upon information and belief, Defendants used practices such as those described above to deny overtime wages to other employees.

## COLLECTIVE ACTION ALLEGATIONS

16.     Plaintiffs bring this action on behalf of all persons formerly or presently employed by Defendants who have been denied lawful overtime pay. The members of this putative class are referred to as "Collective Action Members".

17.     Plaintiffs pursue their FLSA claims on behalf of any Collective Action Members who opt-in to this action pursuant to 29 U.S.C. § 216(b).

18.     Plaintiffs and the Collective Action Members are "similarly situated," as that term is defined in 29 U.S.C. § 216(b), because, on information and belief, they have been subjected to Defendants' policies of avoiding the payment of overtime wages, as described above.

19.     Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Action Members. Accordingly, notice of this matter and of the opt-in procedures should be sent through a Court Supervised Notice procedure to all persons presently or formerly employed by Defendants' IHOP restaurant locations. Such persons are readily identifiable through the Defendants' records.

## COUNT I
### (Alleging Violations of the FLSA)

20.     All previous paragraphs are incorporated as though fully set forth herein.

21.     Plaintiffs and the Collective Action Members are employees entitled to the FLSA's protections.

22.     Defendants are employers covered by the FLSA.

23.     The FLSA entitles employees to overtime compensation at the rate of 1.5 times their regular hourly rate of pay for all work in excess of 40 hours per week.

24.     Through policies implemented by the Defendants, such as those policies described herein, Defendants have deprived their employees of their lawful overtime pay, in violation of the FLSA.

25.     In violating the FLSA, Defendants acted intentionally and willfully and with reckless disregard of clearly applicable FLSA provisions, such that Plaintiffs and Collective Action Members are entitled to the recovery of statutory liquidated damages under the FLSA.

## JURY TRIAL DEMAND

Plaintiffs demand a jury trial as to all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and other Collective Action Members, request that Court Supervised Notice of this lawsuit be ordered to apprise the putative Collective Action Members of this lawsuit and of the procedures to opt-in, and that Plaintiffs and the Collective Action Members be awarded the following relief:

A.      All unpaid wages and overtime wages;

B.      Prejudgment interest;

C.      Liquidated Damages;

D.      Litigation Costs, expenses, and attorneys' fees; and

E.      Such other and further relief as the Court deems just and proper.


Date:   March 28, 2016

Respectfully Submitted,

**WALDENREYNARD, P.L.L.C.**


*/S/*_____
T. LYNN WALDEN
State Bar No. 20674800
 DAVID D. REYNARD, JR.
State Bar No. 00784836
Post Office Box 7486
Beaumont, Texas 77726
(409) 833-0202 Telephone
(409) 832-3564 Telecopier


**ATTORNEYS FOR PLAINTIFFS SCARLET BANEGAS AND ODIN CAMPOS, ON BEHALF OF THEMSELVES AND SIMILARLY SITUATED EMPLOYEES**